The opinion of the Court was delivered by
Bermudez, C. J.
This is a petitory action by the plaintiffs, who claim to have the ownership of a real right to which certain real estate is subjected indefinitely.
The object of tlie suit is to have it judicially declared that the plaintiffs, as owners of a certain contiguous piece of property, have a right of way, or passage, to a named street, through a certain strip of ground, in the possession of the defendants. The plaintiffs, besides, claim $6,000 damages.
The main defense is, that if the right to the servitude ever existed, it was extinguished by the non-usage of the same during ten years.
From a judgment in favor of the plaintiffs, this appeal is taken.
The evidence clearly establishes that, when the original plaintiff, Mrs. Thompson, purchased the lot described in her petition, she was entitled to a right of way,.such as was claimed, at the institution of this suit, through the spot in question.
It appears that in 1841, the whole property, comprising that of plaintiffs and that of defendants, was owned by tlie same person, who caused it to be divided into lots, for tlie common benefit of which the alley was established, the title to each lot, subsequently sold, mentioning this important appendage or accessory.
It is established that the alley was used by Mrs. Thompson, up to 1863, for domestic purposes, and that it has not been used by those subsequently in possession of her property, since 1864. This suit was instituted in 1878.
We have considered the testimony of a lady neighbor, witness for the *617 plaintiff, which is to the effect that the alley was open in 1869 and 1870, when she had occasion to go through it after her son, who had a hahit of climbing Mrs. Thompson's fence to go to the grocery store, at the opposite corner of the square, not kept on Mrs. Thompson's lot.
That testimony is merely the result of hearsay, and is outbalanced by that of-almost every witness heard in the case, which shows that the alley was boarded up in 1864, and that the man who kept the grocery had moved from it some twelve years before the action was brought. Even if her testimony stood uncontradicted, it could not prove interruption of the prescription set up, because the act to do so, must be done, il‘ not by the person entitled to the use, or by persons represent ng at least by one going to and from his premises for the ordinary legitimate purposes for which the alley was provided. Neither the act of the witness, nor that of her son crossing the alley, was done in the exercise of the right of way, primitively consented. They were the unauthorized acts of strangers, not within the original intendment of the grantor and grantees, and contrary to the purpose in view. They cannot be considered as done with the sanction, or for the benefit of Mrs. Thompson, and should be viewed as the clandestine acts of intruders and trespassers, not done “ a l’occasion du fonds.” Pardessus des Serv. II, No. 302, 308; Dalloz Serv. Sec. 7, Art. 1, § 1, No. 1; Laurent 8, 409; Sirey, C. N. 706, No. 24; Dalloz, 1860, 3 Juillet; Duranton, V. p. 674, No. 684; Demolombe xii, No. 995.
In a petitory action, a plaintiff must recover on the strength of his own title, and not on the weakness of that of his adversary. In presence of the defense of non-user, aud particularly of the evidence in support, which establishes facts affirmatively, the plaintiffs, in order to recover, should have, if not primarily established, adduced at least in rebuttal, proof of use of the alley, by herself, or by some one under her authority, in her name. Up to a period clearly within the ten years preceding her action, she has not done so. 12 M. 70; R. C. C. 804; 1 R. 321; 20 A. 52.
The Code distinctly provides that a right to a servitude is extinguished by the non-usage of the same during ten years, which, for discontinuous servitudes, begin from the day they ceased to be used. By discontinuous or interrupted servitudes, are meant such as need the act of man tobe exercised, such as the right of passage, dra-wing water, pasture and the like. R. C. C. 783, (1) 789, 786, 722, 723; 20 A. 52; 1 R. 321; 12 M. 70; 14 A. 283; 12 A. 473; 3 Toull. Nos. 689, 691 ; Duranton 5, 436, 491; Merlin R. V. Servitudes, § 33, No. 11.
The theories that the original proprietor made a dedication to public use, and that the prescrix>tion invoked is one acqiwremdi causa, cannot be applied in this case. '
*618 When tlie original proprietor sold the abutting lots, he did so with measurements to the borders of the alley, with the use of an alley in common to the seven lots, according to the plot mentioned in tho deeds and controlling them. The servitude was created in favor of tho seven lots and of the owners of tho same. The public was not given the right of using it, as it could have done a street or a highway. R. C. C. 458, 459.
A dedication to public uso is tire expropriation of the owner, by himself, for the benefit of tho public. Tho property thus dedicated becomes a locus piiblicus, the non-user of which by the public, does not vest title in individuals occupying or enjoying the same.
The defendants do not set up title of ownership in themselves to the soil through which the passage is claimed. Even if they liad, it is quite doubtful, to say the least, whether that pretension could be passed upon, contradictorily with the present parties to this litigation, for it is not so clear that, in giving the uso of the alley, the original owner has so divested himself of titlo to the soil, that he could not recover possession, titulo clomini, in tho event of a peremption or forfeiture of the right ofpassage by tho lot owners. R. C. C. 658, Hence, the prescription set up is not one acquirendi causa.
Wo think that tho plaintiff has failed to make out her titlo to the use and enjoyment of the alleyway, and that her claim thereto was improperly recognized.
It is, therefore, ordered and decreed, that the judgment appealed from be reversed, and it is now ordered, adjudged and decreed, that there be judgment in favor of the defendants, rejecting plaintiffs’ demand, with costs in both Courts.
Rehearing refused.
Levy, J., absent.